**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KURT WALLACE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC, *et al.*,<br><br>Defendants. | No. 21-cv-06472<br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

This case involves a dispute between Plaintiffs, current or former employees of an entity known as United World Mission (UWM), and Defendant Insurance Company of the State of Pennsylvania (ICSOP) and its corporate holding company, Defendant American International Group. Plaintiffs, citizens of the State of Kentucky and the State of Florida, allege that Defendant UWM and ICSOP breached the parties' contract by rejecting Plaintiffs' insurance claims. (Dkt. 1 ¶ 40.)

Defendant has moved to dismiss the Complaint. (Dkt. 14.) According to Defendant AIG, the parent of ICSOP, Plaintiffs' suit should be dismissed in its entirety under Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over Defendant. (Dkt. 15 at 1.) Defendant AIG also moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6), for improper venue under Rule 12(b)(3), and for improper representation. (*Id.* at 1.)

As explained below, the Court lacks personal jurisdiction over AIG—the only Defendant to have been served with process in this action. In addition, the Complaint fails to state a viable claim for relief, and venue is improper as well. Accordingly, the Court grants Defendant AIG's motion to dismiss without prejudice.

## I. BACKGROUND

Plaintiff Kurt Wallace is a resident of Florida, and Plaintiffs Mary Wallace, Nathan Wallace, and Sophia Wallace are residents of Kentucky. (Dkt. 1 at ¶ 1.) Defendant is a Delaware corporate holding company that is the indirect corporate parent company of ICSOP. (*Id.* at 3.) Plaintiffs Kurt and Mary Wallace were employees of UWM, and Plaintiffs Sophia and Nathan Wallace were both dependents of Mary and Kurt Wallace and volunteers for UWM. Plaintiffs allege they were injured while working for UWM in Vietnam and Southeast Asia between 2015 and 2019. (*Id.* ¶ 25.) Plaintiffs allege that, when Kurt and Mary Wallace began working for UWM on January 1, 2005, all employees were covered under UWM's insurance policy; ICSOP issued that policy to UWM. (*Id.* ¶ 5). Plaintiffs allege that this insurance policy remained effective during the period in which each Plaintiff sustained injuries. (*Id.* ¶ 13.)

In February 2018, Plaintiffs Kurt and Mary Wallace filed a claim with Defendant's claims department, which was denied. (*Id.* ¶¶ 27, 29, 31.) Although ICSOP is named in this suit, Plaintiffs have only effected service upon Defendant.[1]

[1] Plaintiffs never served ICSOP with process, although they filed a motion (Dkt. 30) seeking an extension of time to effect service well over a year after filing this case. Defendant AIG opposes this motion (Dkt. 35) and contends, persuasively, that the motion should be denied. Rule 4(m) of the Federal Rules of Civil Procedure explains that, if a defendant is not

(Dkt. 15 at 2.) The Court thus only addresses the dispute as it relates to Defendant. Plaintiffs maintain that because Defendant rejected Plaintiffs' insurance claims, Defendant breached the parties' contract. (Dkt. 1 ¶ 40.)

## II. LEGAL STANDARD

A motion under Rule 12(b)(2) tests the federal court's authority to exercise personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2); *see also uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 425 (7th Cir. 2010). Whether a federal court in Illinois has personal jurisdiction "is determined under Illinois' long-arm statute, which authorizes jurisdiction to the full extent permitted by the United States Constitution." *Tamburo v. Dworkin*, 601 F.3d 693, 697 (7th Cir. 2010). The United States Constitution permits jurisdiction if it would be "fundamentally fair to require the defendant to submit to the jurisdiction of the court *with respect to this litigation*."

served within 90 days after the complaint is filed, a court, on a party's motion "or on its own after notice to the plaintiff[,] must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But if a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiffs have failed to show good cause within the meaning of Rule 4(m). According to AIG, Plaintiffs were on notice of the need to effect service on Defendant ICSOP for over a year. (Dkt. 35 at 1-2.) Moreover, Plaintiffs' argument in support of their extension motion says, in full, "1. The Insurance Company of the State of Pennsylvania is a necessary party in this litigation; and 2. The failure to serve said Defendant was an oversight." (Dkt. 30.) That terse statement fails to establish good cause; blaming an "oversight," without further explanation, is not enough—especially given the unrebutted statement that Plaintiffs were on notice of this deficiency for many months. Accordingly, Plaintiffs' motion (Dkt. 30) seeking additional time to serve ICSOP is denied. And because the Court cannot exercise personal jurisdiction over ICSOP without Plaintiffs effecting service of process upon ICSOP in a manner that comports with the requirements of Rule 4, the case against ICSOP must be dismissed without prejudice. *See Fed. R. Civ. P. 4(m); see also Mid-Continent Wood Prod. Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003) (emphasis in original).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Frat. Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."). A plaintiff's allegations must be sufficient to "raise a right to relief above the speculative level" and "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Although legal conclusions are not entitled to the assumption of truth, a court, in evaluating a motion to dismiss, must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *See Iqbal*, 556 U.S. at 678–79.

A Rule 12(b)(3) motion challenges the propriety of venue in this District. Fed. R. Civ. P. 12(b)(3). Plaintiffs bear the burden of establishing that venue is proper. *Interlease Aviation Investors v. Vanguard Airline, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). Except as "otherwise provided by law, [a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a), (b). In ruling on a motion to dismiss under Rule 12(b)(3), "the court takes all the allegations in the complaint as true unless contradicted by an affidavit and may examine facts outside of the complaint." *Interlease Aviation*, 262 F. Supp. 2d at 913.

## III. DISCUSSION

### A. Personal Jurisdiction

Defendant AIG argues that the Court should dismiss all claims against it under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 15 at 1.) A federal district court sitting in diversity has personal jurisdiction when a court of the state where it sits would have jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997); *see also NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022). This Court's personal jurisdiction is determined by the Illinois long-arm statute, *Tamburo*, 601 F.3d at 697, which authorizes the exercise of personal jurisdiction the full extent permitted by the Due Process Clause of the United States Constitution. *See id.*; *see also* 735 ILCS 5/2-209(c). Under the Constitution, personal jurisdiction exists when it is "fundamentally fair" to subject a defendant to jurisdiction with respect to the dispute at issue. *Purdue Rsch. Found.*, 338 F.3d at 780. There are two types of constitutionally permissible personal jurisdiction: general jurisdiction and specific jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014).

*1. General personal jurisdiction*

This Court lacks general personal jurisdiction over Defendant. Establishing general jurisdiction over a defendant requires meeting a stringent standard because of the consequences of doing so: if a court has general jurisdiction over a defendant, the defendant is subject to that court's jurisdiction for "any alleged harm, committed in any place." *uBID,* 623 F.3d at 426; *see also Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). General jurisdiction is thus only proper in a forum where a defendant has continuous and systemic business contacts such that the defendant is essentially "at home" in the forum state. *See Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). A corporation is ordinarily "at home" only in the state of its incorporation or principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). But a court may also exercise general jurisdiction over a corporation when the corporation has such significant activities in the forum state that it would be fundamentally fair to require the corporation to answer to any litigation in the forum state. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *see also Kulko v. California Superior Ct.*, 436 U.S. 84, 94–95 (1978).

Plaintiffs fail to establish that the Court has general jurisdiction over Defendant. Defendant is neither incorporated in Illinois nor has its principal place of business in Illinois. (Dkt. 15 at 6.) Defendant's principal place of business is in New York, and Defendant is incorporated in Delaware. (*Id.*) The only connection the Complaint establishes between Defendant and Illinois consists of Defendant's

corporate status as the parent company of ISCOP (the company that issued the insurance policy in question). (*Id.* at 3; Dkt. 15-1 at 26–28.) Nothing else exists in this record showing why that fact, alone, confers general jurisdiction over AIG in Illinois.

Plaintiffs do not allege, nor does anything in the record suggest, that this is "an exceptional case" warranting the assertion of general jurisdiction over Defendant. *See Daimler*, 571 U.S. at 139 n.19. Defendant is a nonresident corporate holding company that does not conduct any business in Illinois and maintains no offices, employees, or agents in Illinois (Dkt. 15 at 6.) Plaintiffs' allegation that ICSOP conducts business in Illinois (Dkt. 1 ¶ 2) is not relevant to and independent from the question of whether the Court can exercise jurisdiction over Defendant in Illinois for *any* transaction taking place *anywhere* across the globe. *See Purdue Rsch. Found.*, 338 F.3d at 787. This Court therefore does not possess general personal jurisdiction over Defendant.

*2. Specific personal jurisdiction*

Nor does the Court have specific personal jurisdiction over Defendant. A court must consider three factors in determining whether specific jurisdiction is proper. *See Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008). First, the defendant "must have 'purposefully directed' its activities to the forum state." *NBA*, 46 F.4th at 621 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In essence, the defendant must have "minimum contacts" with the forum state that illustrate that the defendant "avail[ed] [himself] of the privilege of doing business in the state or . . . purposively direct[ed] activities at the state." *NBA*, 46 F.4th at 621. Second,

the plaintiff's claims must "arise out of" the defendant's contacts with the forum. *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Third, even where a defendant has minimum contacts and the litigation relates to those contacts, the exercise of personal jurisdiction cannot offend "traditional notions of fair play and substantial justice." *NBA*, 46 F.4th at 627.

First, the Court must consider whether Defendant AIG took "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within" Illinois. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Defendant has "no employees, offices, agents, real estate, inventory, or personal property in Illinois, and does not conduct business in the State of Illinois." (Dkt. 15 at 6.) Plaintiffs nonetheless allege that since "AIG and its affiliated companies have a large business presence in the State of Illinois" this Court may exercise specific jurisdiction over Defendant. (Dkt. 31 at 4.)

Defendant did not purposefully avail itself of the privileges of conducting activities in Illinois solely because Defendant AIG is the parent company of ISCOP. Plaintiffs misconstrue the corporate structure of AIG and ICSOP. A corporate subsidiary's alleged contacts with a forum state do not, alone, create specific jurisdiction over a corporate parent. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 945 (7th Cir. 2000). Even if ICSOP has sufficient contacts with Illinois, this does not automatically establish specific jurisdiction over Defendant because ICSOP and Defendant are separate legal entities.

Second, the Court must determine whether Plaintiffs' claim "arise[s] out of or relate[s] to the defendant's contacts with" Illinois. *Ford Motor Co.*, 141 S. Ct. at 1025. For a claim to arise out of or relate to the defendant's contact with the jurisdiction, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* A plaintiff must demonstrate "a strong relationship among the defendant, the forum, and the litigation." *Id.* at 1028. Plaintiffs fail to allege a strong relationship between Defendant's alleged Illinois contacts and Plaintiffs' claim. None of the alleged events or omissions took place in Illinois and none of the parties are residents of or domiciled in this state.

Plaintiffs are correct that the Court may exercise personal jurisdiction over a corporation not physically present in a state and independent from where a business transaction took place. (Dkt. 31 at 2.) But Defendant's only alleged connection to Illinois is that Defendant's subsidiary ICSOP conducts business in Illinois. This alone cannot establish personal jurisdiction over Defendant, because, to exercise jurisdiction consistent with due process, the defendant's "*suit-related* conduct must create a substantial connection with the forum State." *Advanced Tactical Ordnance*, 751 F.3d at 801 (cleaned up). That Defendant is ISCOP's corporate parent, a separate legal entity, is irrelevant to an analysis of personal jurisdiction. *See Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012) ("general rule" is that, when evaluating personal jurisdiction, corporate parents and subsidiaries are treated as separate entities). Plaintiffs presume—without citing any binding precedent—that if ICSOP

sells insurance policies in Illinois, then Defendant, a corporate parent, is required to subject itself to the jurisdiction of this Court. (Dkt. 31 at 3–5.) Plaintiffs fail to allege that their claims arise out of or relates to Defendant's contacts with Illinois.

Finally, given that Defendant AIG is a nonresident corporate holding company without any significant alleged connection to or contacts with the State of Illinois, it would offend traditional notions of fair play and substantial justice to subject Defendant to this Court's jurisdiction. *See Int'l Shoe,* 326 U.S. at 316; *see also Burger King,* 471 U.S. at 477.

Plaintiffs have failed to establish a *prima facie* case to allow the Court to exercise general or specific jurisdiction over Defendant. Accordingly, the Court lacks personal jurisdiction over Plaintiffs' claim and therefore grants Defendant's Motion to Dismiss for lack of personal jurisdiction.

**B. Failure to State a Claim**

Defendant argues that Plaintiffs do not state a claim under Rule 12(b)(6) because there is no contractual relationship between Defendant and Plaintiffs. (Dkt. 15 at 8.) Plaintiffs allege that ICSOP issued the insurance policy at issue (Dkt. 1 ¶ 15) and that Defendant and ICSOP breached the parties' contract. (*Id.* ¶ 40.)

Defendant does not issue any insurance policies or handle any claims on insurance policies. (Dkt. 15 at 8.) Plaintiffs appear to assume that, if a contractual relationship exists between ICSOP and Plaintiffs, then the same or a similar contractual relationship exists between Defendant AIG and Plaintiffs. (Dkt. 1 ¶ 15.) Not so. *See Moje v. Fed. Hockey League LLC*, 207 F. Supp. 3d 833, 838 (N.D. Ill. 2016)

(a defendant must be dismissed from a lawsuit when defendant is not a party to the alleged insurance agreement.). Although in a motion to dismiss the Court takes facts alleged in the complaint as true, documents presented by Plaintiffs contradict Plaintiffs' own allegation that Defendant is a party to the insurance agreement. (Dkt. 1 ¶ 15.) That is, the insurance policy attached to Plaintiffs' complaint reflects that ICSOP—not Defendant—issued the policy in question. (Dkt. 1 at 22–24.) Plaintiffs fail to allege any facts that could plausibly lead to the conclusion that a contractual relationship existed between Defendant and Plaintiffs. Defendant had no contractual obligation to accept Plaintiffs' insurance claim or compensate Plaintiffs. (Dkt. 1 ¶ 40.) Accordingly, the Court finds that Plaintiffs' complaint does not meet the *Twombly-Iqbal* plausibility standard. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**C. Venue**

Defendant also maintains that Plaintiffs' complaint should be dismissed for improper venue under Rule 12(b)(3) (Dkt. 39 at 8.) That statute enumerates three bases under which venue is appropriate: (1) a judicial district where any defendant resides, if all are residents of the State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district that satisfies either of the first two options, any judicial district in which any defendant is subject to the court's personal jurisdiction. *See* 28 U.S.C.A. § 1391(b).

Plaintiffs fail to establish that venue is proper in this District. Plaintiffs concede that the first two prongs of 28 U.S.C.A. § 1391 do not apply to this litigation. (Dkt. 31 at 6.) Accordingly, the only potential basis for venue is the third prong—

namely, personal jurisdiction existing in this District. But as explained above, the Court cannot exercise personal jurisdiction over Defendant. Venue, therefore, is not proper in this District. As a result, the Court also grants Defendant's motion to dismiss for improper venue.[2]

## IV. CONCLUSION

Defendant's motion to dismiss (Dkt. 15) is granted. Plaintiffs' complaint is dismissed without prejudice.

SO ORDERED in No. 21-cv-06472.

Date: September 30, 2023

JOHN F. KNESS
United States District Judge

[2] In view of the substantive rulings described elsewhere in this opinion, the Court does not address Defendant AIG's additional argument concerning Plaintiffs' purported lack of proper representation (*see* Dkt. 14; Dkt. 15 at 10-11).